UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL MAXIE, )
)
Plaintiff, )
) CAUSE NO. 3:13-CV-1280 PS
vs. )
)
MARK LEVENHAGEN, *et al.*, )
)
Defendants. )

OPINION AND ORDER

Michael Maxie, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Under 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, I must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

According to the complaint, Maxie is presently housed at Indiana State Prison ("ISP"). He alleges that between February 2012 and October 2012, when he was housed at the Westville Correctional Facility ("Westville"), he was subjected to inadequate conditions of confinement. Specifically, he alleges that he was exposed to excessive amounts of "black mold, mildew, and asbestos," which caused him breathing difficulties. He further alleges that for a period of five or six days in October 2012, he was subjected to excessively cold temperatures as low as 30-40 degrees, during which time he could "see [his] breath" in his cell.

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Conditions of confinement may establish a constitutional violation in combination when each condition alone would not satisfy the standard. *Gillis*, 468 F.3d at 493.

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. As the U.S. Court of Appeals for the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

Here, Maxie alleges that he was subjected to environmental hazards, inadequate sanitation, and excessively cold temperatures, which resulted in him needing breathing treatments, losing weight, and suffering a significant amount of discomfort. With respect to the subjective prong, the complaint can be plausibly read to allege that he complained to Superintendent Mark Levenhagen, Assistant Superintendent Michael Scott, Complex Director Mr. Hornes (first name unknown), and Caseworker Edward Bruemmer, but they ignored him and/or did nothing to remedy these issues. Giving him the inferences to which he is entitled at this stage, he has alleged enough to proceed on a claim for damages against these defendants.[1]

As a final matter, Maxie filed a motion requesting "entry of judgment" in his favor. (DE 10.) His request is premature, as the defendants have not yet been served, answered the complaint, or had an opportunity to conduct discovery. Accordingly, the motion will be denied at this stage.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Mark Levenhagen, Michael Scott, Mr. Hornes (first name unknown), and Edward Bruemmer in their individual capacities for

---

[1] The complaint is not a model of clarity, but at one point Maxie makes reference to wanting injunctive relief. However, he is no longer housed at Westville, and he cannot seek injunctive relief against defendants located there unless he is likely to be retransferred in the immediate future. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). He has not argued or demonstrated that this exception applies.

monetary damages for housing him under substandard conditions of confinement in violation of the Eighth Amendment;

(2) **DISMISSES** any and all other claims contained in the complaint;

(3) **DIRECTS** the United States Marshals Service to effect service of process on Mark Levenhagen, Michael Scott, Mr. Hornes (first name unknown), and Edward Bruemmer pursuant to 28 U.S.C. § 1915(d);

(4) **ORDERS** Mark Levenhagen, Michael Scott, Mr. Hornes (first name unknown), and Edward Bruemmer to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE, only to the claim for which the plaintiff has been granted leave to proceed in this screening order; and

(5) **DENIES** the plaintiff's motion for "entry of judgment" (DE 10).

**SO ORDERED**.

ENTERED: May 1, 2014.   /s/ Philip P. Simon
                         Philip P. Simon, Chief Judge
                         United States District Court