UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL MAXIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:13-CV-1280 PS |
| vs. | ) |
| | ) |
| MARK LEVENHAGEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Michael Maxie, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 26.) Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, I must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Maxie, formerly an inmate within the Indiana Department of Correction ("IDOC"), alleges that between February 2012 and October 2012, when he was housed at the Westville Correctional Facility ("Westville"), he was subjected to inadequate conditions of confinement. Specifically, he alleges that he was exposed to excessive amounts of "black mold, mildew, and asbestos," which caused him breathing difficulties. He further alleges that for a period of five or six days in October 2012, he was subjected to excessively cold temperatures as low as 30-40 degrees, during which time he could "see [his] breath" in his cell. He was previously granted leave to proceed against Superintendent Mark Levenhagen, Assistant Superintendent Michael Scott, Complex Director Tommie Horne, and Caseworker Edward Bruemmer in connection with these allegations. (DE 11.) These defendants have appeared and answered the complaint. (DE 17, 18, 24.) Maxie now seeks to add the IDOC and its Commissioner, Bruce Lemmon, as defendants. (DE 26 at 2.)

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Conditions of confinement may establish a constitutional violation in combination when each condition alone would not satisfy the standard. *Gillis*, 468 F.3d at 493.

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. As the U.S. Court of Appeals for the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

Here, Maxie alleges that he was subjected to environmental hazards, inadequate sanitation, and excessively cold temperatures at Westville, which resulted in him needing breathing treatments, losing weight, and suffering discomfort. With respect to the subjective prong, the amended complaint—like the original—can be read to allege that Maxie complained to Levenhagen, Scott, Hornes, and Bruemmer about these conditions, but they ignored him and/or did nothing to remedy these issues. Giving him the inferences to which he is entitled at this stage, he has alleged enough to proceed against these defendants.

As to his new claims, he sues Lemmon based on the fact that he is "responsible for all the prisons" within the state of Indiana. (DE 26 at 7.) However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and Lemmon cannot be held liable simply because he oversees operations within the IDOC or supervises the prison staff involved. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir.

3

2001). Maxie has not alleged, nor can it be plausibly inferred from the complaint, that Lemmon had any personal involvement in these events. Accordingly, he will be dismissed as a defendant.

Maxie also names the IDOC as a defendant, seeking compensatory and punitive damages. However, the Eleventh Amendment precludes a suit for damages against a state and its agencies. *Kashani v. Purdue Univ.*, 813 F.2d 843, 845 (7th Cir. 1987). To the extent Maxie is attempting to raise a claim for injunctive relief against the IDOC which would not be barred by the Eleventh Amendment, such a claim cannot proceed, because a state agency is not a "person" that can be sued for constitutional violations under 42 U.S.C. § 1983.[1] *See Ill. Duneland Preserv. Soc'y v. Ill. Dep't of Natural Res.*, 584 F.3d 719, 721 (7th Cir. 2009). Accordingly, the IDOC will be dismissed as a defendant.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Mark Levenhagen, Michael Scott, Tommie Horne, and Edward Bruemmer in their individual capacities for monetary damages for housing him under substandard conditions of confinement in violation of the Eighth Amendment;

(2) **DISMISSES** the Indiana Department of Correction and Bruce Lemmon as defendants;

(3) **DISMISSES** any and all other claims contained in the amended complaint; and

---

[1] There is an additional problem with Maxie's request for injunctive relief; he is no longer housed at Westville, and indeed, is no longer in the custody of the IDOC. (DE 27.) He does not assert or demonstrate that he is likely to be reincarcerated in the immediate future, and he therefore cannot seek injunctive relief pertaining to the conditions at Westville. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995).

(4) **ORDERS** Mark Levenhagen, Michael Scott, Tommie Horne, and Edward Bruemmer to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

ENTERED: August 4, 2014.

S/Philip P Simon
_____
Philip P. Simon, Chief Judge
United States District Court

5