UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL MAXIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:13CV1280-PPS |
| vs. | ) |
| | ) |
| EDWARD BRUEMMER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Michael Maxie, a *pro se* plaintiff, claims that he was subjected to inadequate conditions of confinement while incarcerated at the Westville Correctional Facility. Maxie was incarcerated when he filed this action, but has since been released from custody. Specifically, he claims that he was subjected to excessively cold temperatures in his cell for six days in October 2012, and that between February 2012 and October 2012, he was exposed to mold, mildew and asbestos in the shower area. (DE 11.) The four remaining defendants - Edward Bruemmer, Michael Scott, Mark Levenhagen and Mr. Horne - seek summary judgment, and Maxie does as well.(DE 79, 87.)

**Factual Background**

Mark Levenhagen was the Superintendent at the Westville Correctional Facility during all times relevant to this lawsuit. (DE 81-1, Shrader Aff. ¶ 7.) Michael Scott was the Assistant Superintendent at Westville. (Id. at ¶ 8.) Tommy Horne was a Correctional Unit Team Manager at Westville. (Id. at ¶ 9.) Edward Bruemmer was a Correctional

Caseworker Manager at Westville. (Id. at ¶ 10.) Maxie, who was once incarcerated at Westville, is suing the defendants in their individual capacities for money damages.

From February 2012 through October 2012, Maxie believes he was exposed to black mold, mildew and asbestos in the shower area. (DE 89; Maxie Aff. ¶ 8.) Maxie saw the mold and mildew on the shower walls and on the water pipes. (DE 71-1; Maxie Dep. at 32-36.) Although Maxie complained about the presence of asbestos, he is unsure about what asbestos is or what it looks like. (Id. at 32-35.) Maxie is under the belief that he was exposed to asbestos based on what other inmates have told him. (Id. at 34.) He reported this to the defendants in February and again in October 2012; however, they never responded. (DE 88 at 2; Cmplt at 4.) At some point, Maxie underwent a breathing treatment, which he believes was necessary because of his exposure to the conditions of the shower area. (Id. at 16.; DE 90-1, Aff. Maxie at 1.)

In 2012, David Jevyak was the foreman of Engineering at Westville. He was familiar with issues related to asbestos, mold and mildew that may arise at Westville. (DE 81-3; Jevyak Aff. ¶¶ 1, 6.) Inspectors at Westville conducted weekly inspections of the dorm that housed Maxie and completed weekly inspection reports. (DE 81-3 at 4-53; Ex. 1.) None of these inspection reports noted the presence of any mold, mildew or asbestos in the shower area between February 2012 and October 2012. (Id. ¶ 14.) Notably, in 2010, Westville was renovated and all of the exposed asbestos was removed. At the same time, a special anti-mold and anti-fungal material was applied to all the bathroom and shower areas. (Id. ¶¶ 16, 20.) This material was successful in deterring

2

the growth of mold and fungus in the bathroom areas. (Id. ¶ 21.) Maxie was evaluated by medical staff at Westville and found to have no medical issues relating to asbestos, black mold or mildew while at Westville. (DE 81-4; Boyan Aff. ¶ 7.)

From October 5, 2012 through October 10, 2012, Maxie was subjected to six consecutive days of what he believes to be excessively low temperatures while housed in the "10 Dorm" section of Westville. (DE 89; Maxie Aff. ¶ 3.) Though Maxie is not sure of the temperature within his cell during those six days, he was able to see his breath. (DE 71-1; Maxie Dep. at 27.) Maxie states that he was not given extra clothing to deal with the low temperatures and that during this time, he had "sleeping problems and discomfort." (Maxie Aff. ¶ 3.) Weather history reports for Westville, Indiana, reveal the following outdoor temperature readings:

| Date | High (degrees F) | Low (degrees F) |
| --- | --- | --- |
| October 5 | 53.1 | 42.1 |
| October 6 | 46.0 | 35.1 |
| October 7 | 46.9 | 34.0 |
| October 8 | 55.9 | 28.9 |
| October 9 | 63.0 | 39.0 |
| October 10 | 48.9 | 37.0 |

(DE 90-1 at 4; Maxie Ex. A.)

Heating issues do come up at various times at the prison, and they are dealt with as they arise. (DE 81-3; Aff. Jevyak ¶ 9.) At no point in October 2012 did heating issues arise that would require an evacuation of Dorm 10. (Id. at ¶ 9.) Maxie was never

3

evaluated by medical staff and found to have a medical issue relating to being exposed to low temperatures while at Westville. (DE 83-4; Aff. Boyan at ¶ 6.) On October 24, 2012, Maxie claims to have told his caseworker, Bruemmer, about the excessively cold conditions in his cell. (DE 88 at 3.)

## Discussion

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When deciding cross-motions for summary judgment, the court must "constru[e] the evidence and all reasonable inferences in favor of the party against whom the motion under consideration is made." *Durable Manuf. Co. v. U.S. Dep't of Labor*, 578 F.3d 497, 501 (7th Cir. 2009).

Maxie claims that he was subjected to inadequate conditions of confinement at Westville. Specifically, he alleges that he was exposed to excessive amounts of asbestos, mold and mildew in the shower area. He further alleges that for a period of six days in October 2012, he was subjected to excessively cold temperatures in his cell. It is true that several conditions of confinement may establish an Eighth Amendment violation in combination when they have a mutually enforcing effect that produces the deprivation of a single identifiable human need. *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). But that is not the case here. The complained-of conditions in the shower area are

completely separate and apart from the complained-of conditions of Maxie's cell. The conditions took place in different areas of the prison, covered a different period of time, and produced different alleged harms. As a result, I will consider them separately for purposes of determining whether Maxie's Eighth Amendment rights were violated.

In evaluating an Eighth Amendment conditions of confinement claim, I am to conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). However, "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and inmates cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see also Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650 (7th Cir. 2012) ("Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment.").

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. As the U.S. Court of Appeals for the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have

5

> known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

**The Conditions of Westville's Shower Area Were Not Objectively Severe**

Maxie claims that he was exposed to excessive amounts of "black mold, mildew and asbestos" in the shower area at Westville. According to the record before me, however, Maxie cannot establish that these conditions at Westville were objectively severe or posed a serious risk of substantial harm.

To start, it is unclear whether Maxie was exposed to any asbestos. In his deposition, Maxie acknowledges that he is not quite certain what asbestos is or whether he was exposed to it at Westville in 2012. (DE 71-1 at 32-35.) With that said, the record suggests this was unlikely as the prison had conducted an asbestos remediation in 2010. (DE 81-3 at 2.) Regardless, even if Maxie was exposed to asbestos, that exposure does not establish that he was subjected to inadequate conditions of confinement. As the Seventh Circuit has explained:

> McNeil alleges that he was exposed to asbestos while in his cell over a period of ten months. He does not allege facts sufficient to establish that he was exposed to unreasonably high levels of asbestos. Had, for example, McNeil been forced to stay in a dormitory where friable asbestos filled the air, *see Powell v. Lennon*, 914 F.2d 1459 (11th Cir. 1990), we might agree that he states a claim under the Eighth Amendment. . . . . That,

6

> however, is not the case. As the district court noted in its order dismissing McNeil's complaint, it is unfortunate, but the fact remains that asbestos abounds in many public buildings. Exposure to moderate levels of asbestos is a common fact of contemporary life and cannot, under contemporary standards, be considered cruel and unusual.

*McNeil v. Lane*, 16 F.3d 123, 125 (7th Cir. 1993).

As to the mold and mildew, Maxie claims that he saw it in the shower area from February through October 2012. Although Maxie would have liked the prison to have been cleaned more often, he has not shown that the presence of mold or mildew in the shower area was objectively severe. The mere presence of some dirt, mold, or mildew at the jail does not establish the type of severe deprivation needed to establish a constitutional violation. *See Carroll v. DeTella*, 255 F.3d 470, 473 (7th Cir. 2001) ("[F]ailing to provide a maximally safe environment, one completely free from pollution or safety hazards, is not [cruel and unusual punishment]."); *McNeil*, 16 F.3d at 125 (7th Cir. 1993) (inmate's exposure to moderate levels of environmental contaminants did not violate the Eighth Amendment, because such exposure "is a common fact of contemporary life and cannot, under contemporary standards, be considered cruel and unusual"). Although Maxie may be able to create a genuine dispute as to the existence of certain contaminants, without evidence of resulting illness or injury, there can be no constitutional violation.

Maxie asserts that the conditions of the shower area caused him to suffer breathing problems. However, he has not presented any evidence that his problems resulted from the conditions of his confinement. *See Dixon v. Godinez*, 114 F.3d 640, 643

(7th Cir. 1997) (holding that an inmate's "conclusory allegations, without backing from medical or scientific sources, that [the complained of conditions] caused respiratory problems" were properly dismissed at summary judgment). Maxie does not provide any evidence to connect the dots between the complained of conditions and his breathing problems. Maxie has not provided any corroborating medical records. To the contrary, Maxie was evaluated by medical staff and found to have no medical issues related to exposure to asbestos, black mold, or mildew while at Westville. (DE 81-4 ¶7.)

Surely, if there was some sort of widespread outbreak of such problems, there might be a disputed fact as to whether the conditions at Westville were cruel and unusual. *Duvall v. Dallas County, Texas*, 631 F.3d 203 (5th Cir. 2011). But that is not the case here. Consequently, there is nothing in the record that would allow a jury to conclude that the conditions in the shower area at Westville were cruel and unusual. Accordingly, the defendants are entitled to summary judgment on this claim.

**The Defendants Were Not Deliberately Indifferent to the Conditions of Maxie's Cell**

Next, Maxie asserts he was subjected to unconstitutional conditions when he was housed in excessively cold temperatures at Westville from October 5, 2012, through October 10, 2012. Prisoners have a right to be protected from extreme cold. *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996). In assessing whether an Eighth Amendment violation has been satisfied, courts consider the temperature's severity, its duration, whether the inmate has alternative means to protect himself from the extreme temperatures, the adequacy of these alternatives and whether the inmate must endure

other uncomfortable conditions apart from the severe temperature. *Dixon*, 114 F.3d at 644.

As a threshold matter, the defendants refute Maxie's allegations that his cell was excessively cold. They also dispute that it was cold enough for him to see his breath during those six days. They rely on the prison engineer's affidavit and accompanying weekly inspection reports to show that there were no heating issues within the prison during that period of time. However, the temperature inside the cell was never established and is merely a dispute of fact.[1]

Let's suppose that the six days Maxie spent in his cell in uncomfortably low temperatures constituted an objectively serious condition, there is no evidence before me to establish that any of the defendants were deliberately indifferent. Maxie claims the defendants were deliberately indifferent to the low temperatures in his cell because he told Bruemmer about these low temperatures on October 24, 2012, and also complained about them to all the defendants in an October 29, 2012, letter. (See Maxie Aff ¶ 3; Ex. B.; Maxie Tr. at 10-12.; DE 88 at 3; Maxie Stmt. Disp. Facts ¶ 3.) However, both the letter and verbal notice took place more than two weeks *after* the dates on which the complained of low temperatures occurred. What's more, the letter complains

---

[1] The defendants go on to argue that, even taking Maxie's allegations as true, the cold was not sufficiently serious to amount to an Eighth Amendment violation because Maxie's health was never in danger. However, that is not the proper inquiry. In this Circuit, "[c]old temperatures need not imminently threaten inmates' health to violate the Eighth Amendment." *Del Raine v. Williford*, 32 F.3d 1024, 1035 (7th Cir. 1995). Instead, the Eighth Amendment requires the inmate "not be confined in a cell at so low a temperature as to cause severe discomfort." *Id.*

only about asbestos, black mold and mildew; it does not even mention excessively low temperatures in his cell. (DE 90-1 at 1, 2; Ex. B.)

Ultimately, there is no evidence in the record that Maxie notified any of these defendants of the excessively cold temperatures in his cell at any point between October 5 and October 10, 2012. As a result, I cannot find that any of the defendants were aware of the complained of low temperatures, much less had any personal involvement. *See Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005) (noting that individuals may only be liable for Section 1983 claims if they are personally involved or participate in the violations). Because the defendants were unaware of the conditions, it cannot be said that they consciously disregarded them. *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008); *Farnham*, 394 F.3d at 478. Accordingly, the defendants are entitled to summary judgment on this claim.

For these reasons, the court:

(1) **GRANTS** the defendants' motion for summary judgment (DE 79);

(2) **DENIES** the plaintiff's motion for summary judgment (DE 87);

(3) **DENIES** the plaintiff's motion for ruling (DE 93);

(4) **DIRECTS** the clerk to enter judgment in favor of defendants Edward Bruemmer, Michael Scott, Mark Levenhagen and Mr. Horne.

**SO ORDERED**.

ENTERED: July 5, 2016.            /s/ Philip P. Simon
                                                        Chief Judge
                                                        United States District Court